IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

DARREYLL T. THOMAS,

Plaintiff,

v.

OPINION AND ORDER

26-cv-958-wmc

JARED HOY, ANN HANSEN,
SHANNON BUTCHER, JOHN PAQUIN,
TIMOTHY THOMAS, MARTINSON,
NICOLE BROWN, HOLLY GUNDERSON,
R. CORDERO, B. MULLER, and
JOHN DOE 1-25,

Defendant.

---

Plaintiff Darreyll T. Thomas, who is representing himself while in state prison, has filed a complaint under 42 U.S.C. §§ 1983 and 1985 against several prison officials and administrators employed by the Wisconsin Department of Corrections. Plaintiff seeks leave to proceed with a class action without prepayment of the filing fee after having "struck out" under 28 U.S.C. § 1915(g) by filing three previous civil actions or appeals while imprisoned that were dismissed as frivolous or for failure to state a claim. *See Thomas v. Doe*, No. 20-cv-1080-bbc (W.D. Wis. May 5, 2021); *Thomas v. Reese*, No. 17-1742 (7th Cir. Sept. 1, 2017); *Thomas v. Larsen*, No. 16-cv-562 (E.D. Wis. Aug. 9, 2016). For the reasons explained below, plaintiff's motions will be denied and this case will be closed.

## OPINION

The three-strikes provision of the Prison Litigation Reform Act bars a prisoner from proceeding without prepayment of the full filing fee after three or more of his civil actions or appeals have been dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted. 28 U.S.C. § 1915(g). The sole exception to this three-strikes rule is if

plaintiff's pleadings show that he is in "imminent danger of serious physical injury." *Id*. To satisfy this exception a prisoner must allege a *physical* injury that is imminent or occurring at the time the complaint is filed. *Ciarpaglini v. Saini*, 352 F.3d 328, 330 (7th Cir. 2003); *see also Martin v. Shelton*, 319 F.3d 1048, 1050 (8th Cir. 2003) (requiring a prisoner to make "specific fact allegations of ongoing serious physical injury, or of a pattern of misconduct evidencing the likelihood of imminent serious physical injury").

Here, plaintiff objects to a prison policy. Specifically, he claims that DOC's Department of Adult Institutions ("DAI") Policy 316.00.01 is "ambiguous" and violates both state and federal law. The policy, which was enacted pursuant to Wis. Stat. § 302.386(3),(4) and (6), authorizes DAI to charge a copayment for inmate-initiated requests for health services, including medical and dental care. Plaintiff seeks compensatory damages for the funds that have been deducted from his inmate account for copayments since 2019, as well as monetary damages and declaratory relief. He further seeks to bring his complaint as a class action on behalf of other inmates who have been "defrauded" by DAI Policy 316.00.01.

Plaintiff does not allege facts showing that he has been denied care based on an inability to pay a copayment,[1] nor does he show that he was in any danger of serious physical harm at the time he filed his complaint. *See Ciarpaglini*, 352 F.3d at 330 (The threat of harm must be "real and proximate."). As a result, he does not satisfy the exception to the three-strikes bar imposed by § 1915(g), and he may not proceed without prepaying the full $405 filing fee.

[1] Indeed, there are many exemptions to the copayment policy, such as when emergency care is necessary, and health services staff may not otherwise deny an inmate medical, dental, or nursing services based only on the inmate's inability to pay a copayment. Wis. Admin. Code DOC §§ 316.03, 316.05.

ORDER

IT IS ORDERED that:

1) All of plaintiff's motions are DENIED.

2) The clerk's office is directed to CLOSE this case.

3) If plaintiff wishes to proceed, he must pay the full filing fee ($405) within thirty days of the date of this order. If he pays the full fee by that date, the case will be re-opened and the complaint will be subject to further preliminary screening under 28 U.S.C. § 1915A. If plaintiff does not pay the full fee by the deadline, this case will be dismissed without further notice pursuant to Fed. R. Civ. P. 41(b).

Entered this 20th day of October, 2026.

BY THE COURT:

/s/

WILLIAM M. CONLEY
District Judge